OPINION

WEIS, Circuit Judge.
Defendant pleaded guilty to possession with intent to distribute cocaine and cocaine base in violation of 21 U.S.C. § 841(a). In determining the applicable sentencing guideline, the District Court found that defendant had distributed cocaine base in excess of 4.5 kilograms. Although the pre-sentence investigation report resulted in a Guideline range of 262 to 327 months’ incarceration, that range was lowered to 240 months, the statutory maximum. Responding to the government’s motion to a downward departure and in consideration of the defendant’s ongoing and substantial cooperation, the Court imposed a sentence of 139 months imprisonment and a three-year period of supervised release.
Defendant contends that, in finding the amount of cocaine involved, the Court erred by using evidence that he supplied in a proffer. The government asserts that it had independent sources for determining the amount of illegal drugs, including information provided by confidential informants before the defendant’s arrest, as well as statements defendant made to the police before entering into the plea agreement. We have carefully reviewed the sentencing proceedings, including the transcript of the hearing, and conclude that the District Court did not err in finding that the quantity of illegal drugs was calculated based on evidence independent of the proffer and was, therefore, properly used in determining the sentence. See United States v. Grier, 475 F.3d 556, 570 (3d Cir.2007) (en banc) (“this Court ... review[s] factual findings relevant to the Guidelines for clear error and ... exercisefsj plenary review over a district court’s interpretation of the Guidelines”); see also U.S.S.G. § lB1.8(b)(l) (“The provisions of subsection (a) [stating that self- *773 incriminating information provided pursuant to plea agreement cannot be used in determining guideline range] shall not be applied to restrict the use of information [ ] known to the government prior to entering into the cooperation agreement”) (emphasis added).
We also conclude that the District Court gave “meaningful consideration” to the 18 U.S.C. § 3553 factors and applied them reasonably to the circumstances of this case. See United States v. Lessner, 498 F.3d 185, 203-04 (3d Cir.2007) (holding that a sentence is procedurally reasonable where the district court demonstrates “meaningful consideration of the factors set forth at 18 U.S.C. § 3553(a)” and substantively reasonable where it applies those factors “reasonably to the circumstances of the case”).
Accordingly, we will affirm the Judgment of the District Court.